IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | 2:18-CR-028-D-BR(1) |
| | § | |
| VS. | § | |
| | § | |
| MICHAEL HOUSTON SCARBOROUGH, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Michael Houston Scarborough ("Scarborough") has written a letter addressed to the "County Clerk" asking to be resentenced based on the "New 922G law [that] has changed." Concluding that Scarborough's motion should be construed as a motion to vacate under 28 U.S.C. § 2255, the court issues this procedural order for consideration of the motion.

The proper vehicle for challenging a criminal conviction or sentence after the direct appeal period has expired, as here, is a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam). "When reviewing a pro se litigant's filings, '[i]t is the substance of the relief sought by . . . [the] pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of [the] habeas filing." *United States v. Cardenas*, 13 F.4th 380, 384 (5th Cir. 2021) (citations omitted). The United States Court of Appeals for the Fifth Circuit liberally construes *pro se* filings as initial § 2255 motions when the "substance of the relief" sought is habeas relief; that is, when the

defendant "challenge[s] his custody by seeking vacatur of his conviction or sentence." *Id.* (collecting cases).

Considering Scarborough's motion liaberally in accordance with his *pro se* status, his assertions appear to collaterally challenge his federal conviction and sentence. The court therefore concludes that his motion is properly recharacterized as a motion to vacate sentence under § 2255. *See United States v. Elam*, 930 F.3d 406, 410 (5th Cir. 2019).

\*   \*   \*

The Clerk of the Court is directed to (1) terminate the February 12, 2025 motion (ECF No. 39) in this criminal case; (2) open a new motion to vacate sentence under 28 U.S.C. § 2255 (NOS code 510) naming the United States of America as the respondent; and (3) docket a copy of this order and Scarborough's February 12, 2025 motion in the new case.

Warnings and instructions, as well as an opportunity for Scarborough to amend his construed § 2255 motion in accordance with *Castro v. United States*, 540 U.S. 375 (2003), will be issued in the newly opened case.

**SO ORDERED.**

February 24, 2025.

 

*[signature]*
SIDNEY A. FITZWATER
SENIOR JUDGE